IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSBAY AUTO SERVICE, INC., | No. C 09-04932 SI |
| Plaintiff, | **FINAL PRETRIAL SCHEDULING ORDER** |
| v. | |
| CHEVRON CORPORATION, et al., | |
| Defendants. | |

On May 10, 2011, the Court held a final pretrial conference in the above captioned matter, which is set for jury trial beginning June 20, 2011. All parties were represented by counsel. The following matters were resolved:

1. **Number of jurors and challenges**: There shall be a jury of six members. Each side shall have up to three peremptory challenges.

2. **Voir dire**: The court will conduct general voir dire, and counsel for each side shall have up to 15 minutes total to question the panel.

3. **Jury instructions**: Counsel have submitted certain joint proposed jury instructions, and separate sets of contested instructions. Counsel are ordered to confer in an effort to narrow the number and scope of disputed instructions. No later than **Monday, June 13, 2011**, counsel shall submit one complete set of proposed instructions, containing both agreed upon instructions (which shall be so noted), and contested instructions, all in the order in which they should be read to the jury. Where

contested instructions are included, they should be annotated both with the proponent's authority for seeking the instruction and the opponent's reason for opposition. Where feasible, competing instructions addressing the same point shall be included together in the single set of proposed instructions. The final submission shall be filed in hard copy and also submitted to the court on disk, suitable for reading by WordPerfect 10 (windows) on or before June 13, 2011.

4. **Trial exhibits**: No later than June 17, 2011, the parties shall submit their trial exhibits, in binders with numbered tabs separating and identifying each exhibit. The court shall be provided with three sets (for the court, the file and the witness) and each side shall provide one set for the other side. To the extent that original documents are to be used as exhibits in the case, they should be included in the set of exhibits for the court.

5. **Timing of trial**: The parties estimate that the trial should take approximately 4 days. Based on this estimate, each side shall have 30 minutes for opening statements; each side shall have 6 hours total for presentation of evidence, which includes direct and cross-examination and presentation of all exhibits; and each side shall have up to 45 minutes for closing argument.

6. **Trial schedule**: Jury trials are conducted Monday through Thursday; jury trials are generally not conducted on Fridays, although deliberating juries are free to deliberate on Fridays. The trial day runs from 8:30 a.m. until 3:30 p.m., with a 15 minute break at 10:00 a.m., a 45 minute break at 12:00 noon and a 15 minute break at 2:00 p.m., all times approximate.

7. **Motions in limine**: The parties have filed several motions in limine, as follows:

**Plaintiff's Nos. 1, 2 and 3: Motions to exclude certain expert testimony and reports:** Plaintiff seeks to exclude "expert opinions or evidence" from witnesses who were not designated experts – referring, obliquely, to the PSG Appraisal report discussed at some length in this Court's Order Denying Defendant's Motion for Summary Judgment (Dkt. No. 63, 11/3/10). Plaintiff also seeks to prevent testimony or argument concerning plaintiff's failure to produce the PSG Appraisal during the

2

discovery process.  Assuming that an adequate foundation is laid, the PSG Appraisal will not be excluded on the basis asserted in Motions Nos. 1 and 2 (failure to designate expert in accordance with FRCP 26(a) and 37); those motions are accordingly DENIED.  The motion to exclude testimony or argument concerning plaintiff's failure to produce the appraisal in discovery is GRANTED, under FRE 403; the Court finds that the probative value of any such evidence is substantially outweighed by the time it would consume and the confusion it might create.

**Defendant's No. 1: Motion to exclude testimony re: Chevron's size and wealth:** Plaintiff agrees that defendant's size and wealth is not relevant except to the question of punitive damages, which is to be decided by the Court after trial.  Therefore the motion is GRANTED.

**Defendant's No. 2: Motion to exclude testimony re: amounts plaintiff paid to third parties:** Plaintiff agrees that the motion may be GRANTED.

**Defendant's No. 3: Motion to exclude lay opinion of plaintiff's employees re value of premises:**  FRE 701 allows owners of property to opine concerning the value of their real and personal property, if based on appropriate evidence and information.  The motion DENIED, without prejudice to specific objections to specific questions at trial.

**Defendant's No. 4: Motion to limit or exclude testimony of plaintiff's experts:** DENIED; defendant's concerns go to weight of the proposed testimony, not its admissibility.

**Defendant's No. 5: Motion to exclude "bad faith" claim:** DENIED as framed; over-broad.  Defendant must prove that its offering price approached fair market value, and that its decision was made in good faith and in the normal course of business.  Plaintiff is not prevented from challenging defendant's showing on these issues.

**Defendant's No. 6: Motion to exclude irrelevant and prejudicial documents**: GRANTED in part, DENIED in part, DEFERRED in part: GRANTED re: documents concerning defendant's gain/loss on sale or closing of service stations (FRE 402, 403); GRANTED re: documents reflecting defendant's tax treatment of proceeds of sale (FRE 402, 403); DENIED re: Deloitte's February 2008 appraisal; and DEFERRED to time of trial re: documents related to book value.

**Defendant's supplemental memorandum re waiver:**  Defendant moves to dismiss plaintiff's claim, based on a "waiver" theory arising from *Mac's Shell Service, Inc. v. Shell Oil*

1  *Products, LLC*, ___ U.S. ___, 130 S.Ct. 1251 (2010).  DENIED, based on factual distinctions between
2  the *Shell* case (which involved renegotiation of ongoing franchise terms) and this case (which involves
3  termination and sale of franchise property).

5  Dated: May 11, 2011

                                                     SUSAN ILLSTON
                                                     United States District Judge