IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSBAY AUTO SERVICE,<br><br>    Plaintiff,<br><br>   v.<br><br>CHEVRON CORP,<br><br>    Defendant.<br>_____ / | No. C 09-04932 SI<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR SANCTIONS** |

A jury trial in this case began on June 20, 2011. That night, defendant's trial counsel became sick. On June 22, 2011, when it was clear that defense counsel would be unable to continue with the trial, and on the representation that no other attorney could act in his stead, the Court declared a mistrial. *See* Civil Trial Minutes (Doc. 104). Plaintiff moved for sanctions, arguing that defendant should be ordered to pay plaintiff the fees and costs it incurred preparing for the trial. *See id.* Plaintiff argues that the Court has the inherent power to order such sanctions. Defendant opposes the request, arguing that sanctions cannot be imposed absent evidence of wrongdoing, and that there is no evidence of wrongdoing in this case.

"Under its 'inherent powers,' a district court may . . . award sanctions . . . against a party or counsel who acts 'in bad faith, vexatiously, wantonly, or for oppressive reasons.'" *Leon v. IDX Systems Corp.*, 464 F.3d 951, 961 (9th Cir. 2006) (*quoting Primus Auto. Fin. Servs., Inc. v. Batarse*, 115 F.3d 644, 648 (9th Cir.1997)). "The bad faith requirement ensures that the district court's exercise of its broad power is properly restrained." *Id.*

Plaintiff argues that sanctions may be awarded here because defendant failed to disclose to the Court that it was represented by two other attorneys in this action, either of whom could have assumed

the role of trial counsel, before the Court declared a mistrial. Defendant has filed an affidavit in response, attesting to facts that support a conclusion that neither of the attorneys referred to by plaintiff was a trial lawyer familiar with the facts of this case. The Court does not find that defendant or defense counsel acted "in bad faith, vexatiously, wantonly, or for oppressive reasons," and therefore plaintiff's motion for sanctions is DENIED.

This order is without prejudice to any argument that plaintiff might make, if successful at trial, that plaintiff is entitled to the costs and fees it incurred preparing for the June trial.

**IT IS SO ORDERED.**

Dated: August 8, 2011

SUSAN ILLSTON
United States District Judge