THOMAS P. BLEAU (State Bar No. 152945)
MARTIN R. FOX (State Bar No. 155783)
SAMUEL T. REES (State Bar No. 58099)
MEGAN CHILDRESS (State Bar No. 266926)
BLEAU FOX
A Professional Law Corporation
3575 Cahuenga Boulevard West, Suite 580
Los Angeles, CA 90068
Telephone: (323) 874-8613
Facsimile:  (323) 874-1234
Email: bleaushark@aol.com
       STReesEsq@earthlink.net

Attorneys for Plaintiff
Transbay Auto Service, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSBAY AUTO SERVICE, INC., ) | Case No. 3:09-CV-04932 SI |
| ) | |
| Plaintiff, ) | |
| ) | **STIPULATION, DECLARATION OF** |
| vs. ) | **SAMUEL T. REES AND [P~~ROPOSED~~]** |
| ) | **ORDER CONTINUING TRIAL BECAUSE** |
| CHEVRON U.S.A. INC. ) | **OF UAVAILABILITY OF WITNESS** |
| ) | |
| Defendant. ) | Trial Date:   March 19, 2012 |
| ) | Time:         8:30 a.m. |
| ) | Judge:        Hon. Susan Illston |
| ) | Location:     Courtroom 10, 19th Floor |
| ) | 450 Golden Gate Avenue |
| ) | San Francisco, California |

This matter is currently set for trial on March 19, 2012, at 8:30 a.m.  One of the central issues to be tried involves the fair market value of Plaintiff's property.  Plaintiff has designated Andrew C. Plaine has his sole real estate appraiser expert to testify at trial.

Following this Court's setting of the March 19, 2012 trial date, Plaintiff's counsel learned that Mr. Plaine was just diagnosed with colon cancer and was going to meet with his oncologist to establish an immediate treatment plan.  Plaintiff's counsel immediately notified Defense counsel and this Court's clerk of this news.  Subsequently, Plaintiff's counsel was advised that Mr. Plaine's oncologist recommended that Mr. Plaine immediately commence chemotherapy (which in fact

started on March 5, 2012), that the chemotherapy continue for approximately 6 weeks, that Mr. Plaine then spend the following 6 to 8 weeks recovering from chemotherapy, that Mr. Plaine then undergo surgery on his colon and finally that Mr. Plaine anticipate that his recovery time from the surgery will be approximately 4 weeks during which time he will need to limit his activities.

After consultation with Defense counsel, an agreement has been reached to respectfully request that this Court continue the current trial until Mid-August, 2012, as this Court's calendar permits. Plaintiff's counsel has learned that it is unlikely that Mr. Plaine will be in a condition to testify during the time he is recovering from chemotherapy and believes that it would not be appropriate for Mr. Plaine to testify while he is undergoing chemotherapy. Continuance of the trial should alleviate the need for Plaintiff to designate a replacement expert witness or for the parties to undergo the expense and discovery processes that such a replacement designation would entail.

For the foregoing reasons, the parties stipulate and request that the current trial date be continued.

Dated: March 8, 2012

      BLEAU/FOX A P.L.C.
      THOMAS P. BLEAU
      SAMUEL T. REES


      By /s/ Samuel T. Rees
            Samuel T. Rees

      Attorneys for Plaintiff
      Transbay Auto Service, Inc.

Dated: March 8, 2012

      GLYNN & FINLEY, LLP
      ROBERT C. PHELPS


      By /s/ Robert C. Phelps
            Robert C. Phelps

      Attorneys for Defendant
      Chevron U.S.A. Inc.

DECLARATION OF SAMUEL T. REES

I, SAMUEL T. REES, hereby state under penalty of perjury as follows:

I am an attorney licensed to practice before this Court and all courts of the states of California and Louisiana, among other courts. I am Of Counsel to the law firm of Bleau Fox, a PLC, counsel for Plaintiff Transbay Auto Service, Inc. ("Transbay"). I am the lead trial counsel for Transbay. I have personal knowledge of the matters set forth herein and submit this declaration in support of Transbay's request to continue the trial date in this matter.

On February 9, 2012, this Court conducted a telephonic Case Management Conference regarding the then scheduled March 5, 2012 trial. During the conference, the Court indicated an intention to continue the trial until March 19, 2012, in light of a then pending trial. I participated in that conference along with Robert Phelps, counsel for Defendant Chevron U.S.A. Inc. ("Chevron") in this matter. Both Mr. Phelps and I indicated our intention of communicating with our respective clients and witnesses regarding this trial continuance and any problems resulting from such a continuance.

On February 15, 2012, I received a call from Andrew C. Plaine, Transbay's designated real estate appraiser expert witness, in response to a message I had left for him. Mr. Plaine advised me that he had just been notified by his doctor that he had been diagnosed with colon cancer and should undergo immediate treatment. Mr. Plaine stated that he had an appointment the following day with his doctor to schedule his treatment. At the time, Mr. Plaine stated that he believed he would be starting chemotherapy shortly and undergoing such treatment for approximately 6 to 8 weeks.

Following receipt of this information, I immediately sent an email to Mr. Phelps and this Court's clerk alerting them to this issue and suggesting that Transbay would be seeking a continuance of the trial to a date in May. In response to this email, Mr. Phelps responded that he would stipulate to a continuance and we both agreed to discuss availability with all witnesses during the May period.

The following week I had a second communication with Mr. Plaine. He advised me that based upon his doctor's recommendation he would be undergoing surgery after he recovered from chemotherapy. At the time, I had very little information concerning the recovery process from such

- 3 -
STIPULATION, DECLARATION OF SAMUEL T. REES AND [PROPOSED] ORDER CONTINUING TRIAL BECAUSE OF UAVAILABILITY OF WITNESS

BLEAU FOX

1 chemotherapy and we discussed the possibility of seeking a continuance of the trial such that the trial
2 would occur prior to Mr. Plaine's anticipated surgery. Since that communication, I have learned that
3 the recovery from such chemotherapy is arduous and lengthy. After further discussions with Mr.
4 Phelps, we were and are both of the view that a continuance until a date after Mid-August, 2012, was
5 more prudent in light of Mr. Plaine's anticipated treatment. On March 7, 2012, I again
6 communicated with Mr. Plaine and he agreed that it would be more prudent to request a continuance
7 of the trial until a date after Mid-August, 2012. Mr. Plaine reported to me that he started
8 chemotherapy on March 5, 2012.

9   I declare under penalty of perjury under the laws of the State of California that the foregoing
10 is true and correct. Executed this 8th day of March, 2011, in New Orleans, Louisiana.

                                    /s/ Samuel T. Rees
                                    Samuel T. Rees, declarant

[PROPOSED] ORDER

Based upon the parties' stipulation and for the reasons set forth in the Declaration of Samuel T. Rees, the trial in this matter, currently set for March 19, 2012, at 8:30 a.m., is hereby continued to ___9/4_____, 2012, at __8:30 a_.m.

IT IS SO ORDERED.

Dated: March 9 2012.

_____
Hon. Susan Illston
U.S. District Judge

---

- 5 -

STIPULATION, DECLARATION OF SAMUEL T. REES AND [PROPOSED] ORDER CONTINUING TRIAL BECAUSE OF UAVAILABILITY OF WITNESS

BLEAU FOX

DECLARATION OF SAMUEL T. REES

I, SAMUEL T. REES, hereby state under penalty of perjury as follows:

I am an attorney licensed to practice before this Court and all courts of the states of California and Louisiana, among other courts. I am Of Counsel to the law firm of Bleau Fox, a PLC, counsel for Plaintiff Transbay Auto Service, Inc. ("Transbay"). I am the lead trial counsel for Transbay. I have personal knowledge of the matters set forth herein and submit this declaration in support of Transbay's request to continue the trial date in this matter.

On February 9, 2012, this Court conducted a telephonic Case Management Conference regarding the then scheduled March 5, 2012 trial. During the conference, the Court indicated an intention to continue the trial until March 19, 2012, in light of a then pending trial. I participated in that conference along with Robert Phelps, counsel for Defendant Chevron U.S.A. Inc. ("Chevron") in this matter. Both Mr. Phelps and I indicated our intention of communicating with our respective clients and witnesses regarding this trial continuance and any problems resulting from such a continuance.

On February 15, 2012, I received a call from Andrew C. Plaine, Transbay's designated real estate appraiser expert witness, in response to a message I had left for him. Mr. Plaine advised me that he had just been notified by his doctor that he had been diagnosed with colon cancer and should undergo immediate treatment. Mr. Plaine stated that he had an appointment the following day with his doctor to schedule his treatment. At the time, Mr. Plaine stated that he believed he would be starting chemotherapy shortly and undergoing such treatment for approximately 6 to 8 weeks.

Following receipt of this information, I immediately sent an email to Mr. Phelps and this Court's clerk alerting them to this issue and suggesting that Transbay would be seeking a continuance of the trial to a date in May. In response to this email, Mr. Phelps responded that he would stipulate to a continuance and we both agreed to discuss availability with all witnesses during the May period.

The following week I had a second communication with Mr. Plaine. He advised me that based upon his doctor's recommendation he would be undergoing surgery after he recovered from chemotherapy. At the time, I had very little information concerning the recovery process from such

chemotherapy and we discussed the possibility of seeking a continuance of the trial such that the trial would occur prior to Mr. Plaine's anticipated surgery. Since that communication, I have learned that the recovery from such chemotherapy is arduous and lengthy. After further discussions with Mr. Phelps, we were and are both of the view that a continuance until a date after Mid-August, 2012, was more prudent in light of Mr. Plaine's anticipated treatment. On March 7, 2012, I again communicated with Mr. Plaine and he agreed that it would be more prudent to request a continuance of the trial until a date after Mid-August, 2012. Mr. Plaine reported to me that he started chemotherapy on March 5, 2012.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. Executed this 8th day of March, 2011, in New Orleans, Louisiana.

/s/ Samuel T. Rees

Samuel T. Rees, declarant

- 4 -
STIPULATION, DECLARATION OF SAMUEL T. REES AND [PROPOSED] ORDER CONTINUING TRIAL BECAUSE OF UAVAILABILITY OF WITNESS

BLEAU FOX

[PROPOSED] ORDER

Based upon the parties' stipulation and for the reasons set forth in the Declaration of Samuel T. Rees, the trial in this matter, currently set for March 19, 2012, at 8:30 a.m., is hereby continued to _____, 2012, at _____ _.m.

IT IS SO ORDERED.

Dated: March   , 2012.

                                                    Hon. Susan Illston

                                                    U.S. District Judge

STIPULATION, DECLARATION OF SAMUEL T. REES AND [PROPOSED] ORDER CONTINUING TRIAL BECAUSE OF UAVAILABILITY OF WITNESS

BLEAU FOX