United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRANSBAY AUTO SERVICE, INC., | No. C 09-04932 SI |
| Plaintiff, | **ORDER CONTINUING HEARING ON PLAINTIFF'S MOTION FOR ATTORNEYS' AND EXPERT FEES AND REQUIRING SUPPLEMENTAL BRIEFING** |
| v. | |
| CHEVRON U.S.A., INC., | |
| Defendant. | |

Currently before the Court is plaintiff Transbay Auto Service, Inc.'s ("Transbay") motion for an award of exemplary damages, an award of reasonable attorneys' and expert fees and costs, and determination of the appropriate pre-judgement interest rate. Defendant has filed an opposition to which Transbay has replied. The matter is currently set for a hearing on February 8, 2013. The Court hereby CONTINUES the hearing and ORDERS plaintiff to provide the Court with additional information in support of its motion as detailed below.

Section 2805(d) of the PMPA provides that a prevailing franchisee shall be entitled to "reasonable attorney and expert witness fees to be paid by the franchisor." 15 U.S.C. § 2805(d)(1)(C). Here there is no dispute that Transbay is a prevailing franchisee – having obtained a favorable jury verdict – as envisioned by the PMPA.

Having determined that Transbay is a prevailing party, the Court must next determine what fees are reasonable. A district court begins its calculation of fees by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. *Hensley*, 461 U.S. at 433, 436. The resulting number is frequently called the "lodestar" amount. *City of Riverside v. Rivera*, 477 U.S. 561, 568 (1986). The party seeking the award should provide documentary evidence to the court concerning

(1) the number of hours spent, and (2) how it determined the hourly rate(s) requested. *Id.* at 433.

**Hours**: "It is plaintiffs' burden to 'document the appropriate hours expended in the litigation by submitting evidence in support of those hours worked.'" *Lucas v. White*, 63 F. Supp. 2d 1046, 1057 (N.D. Cal. 1999) (quoting *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1992)). The appropriate number of hours includes all time "reasonably expended in pursuit of the ultimate result achieved, in the same manner that an attorney traditionally is compensated by a fee-paying client for all time reasonably expended on a matter." *Hensley*, 461 U.S. at 431. Fee applicants, and the Court, should exclude hours that are "excessive, redundant, or otherwise unnecessary." *Id.* at 434.

**Rate**: "The fee applicant has the burden of producing satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." *Id.* at 1263. In establishing the reasonable hourly rate, the court may take into account: (1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; and (4) the results obtained. *See Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1464 (9th Cir.1988). Other factors that can be considered are (1) the time and labor required; (2) the preclusion of employment by the attorney due to acceptance of the case; (3) time limitations imposed by the client or circumstances; (4) the amount involved and the results obtained; (5) the "undesirability" of the case; and (6) awards in similar cases. *Hensley*, 461 U.S. at 430 n.3. These factors are subsumed in the initial lodestar calculation, and should not serve as independent bases for adjusting fee awards. *Morales v. City of San Rafael*, 96 F.3d 359, 363-64 (9th Cir. 1996).

Here, plaintiff's submissions to the Court are wanting in both respects – number of hours reasonably expended, and reasonable rate for those hours. Plaintiff submits thirty-eight pages of blanket billing statements with no analysis or summary whatsoever of the hours. *See* Fox Decl., Ex. A (Dkt. 138-2). Without a detailed breakdown, the Court is left only to guess how plaintiff arrived at the Lodestar figure of $201,977 through September 13, 2012, and either $207,227 or $213,477 – plaintiff's brief is inconsistent on this figure – through hearing on this motion. For example, plaintiff does not list the total number of hours spent by junior attorneys and senior attorneys working on this matter. Based on the Court's analysis of the billing records, attorneys fees account for $193,016.75, expenses account

for $33,992.46, including $13,875 in expert fees billed as expenses, for a total of $227,009.21. These figure does not square with any of the figures provided by plaintiff.

In addition, plaintiff submitted a second declaration from Mr. Fox in connection with their reply brief, which responds to many of the objections raised by defendant's opposition to plaintiff's fees and damages motions. *See* Fox Decl. II (Dkt. 150-1). Therein Mr. Fox states that he is "informed of the rates that our competitors charge for similar work which are in the range of $375-$450 per hour," and cites a "recent class action matter in the Los Angeles Superior Court" where the Court accepted as a reasonable similar hourly rates. *Id*. ¶ 9. This is not enough to explain whether these rates are reasonable. A more industrious plaintiff would have provided the Court with the name of the recent class action or actual evidence as to the billing rates of competitors doing similar work.

Accordingly, the Court hereby orders plaintiff to submit a detailed, organized statement of the work done on this case, including what work/projects were done, by whom, how much time was spent on each area of work or project (e.g., interrogatories, depositions, other research, work with experts, trial preparation, witness interviews, trial, etc.), and what hourly rates were charged for all such work for each timekeeper and in total.

In addition, plaintiff must submit "satisfactory evidence, in addition to the affidavits of its counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation."

This additional information should be consistent with what plaintiff has already provided and should explain how plaintiff arrived at the Lodestar figure(s) listed in their moving papers. Plaintiff shall provide this information to the Court **no later than February 15, 2013**. Defendant may file a short reply noting any objections **no later than February 22, 2013**. The February 8, 2013 hearing on plaintiff's motions is hereby CONTINUED to **March 1, 2013 at 9:00 a.m.**

**IT IS SO ORDERED.**

Dated: February 7, 2013

SUSAN ILLSTON
United States District Judge

3